**Christopher Lundberg,** OSB No. 941084
Email:  clundberg@hk-law.com
**Matthew E.  Malmsheimer,** OSB No. 033847
Email: mmalmsheimer@hk-law.com
**HAGLUND KELLEY LLP**
2177 S.W. Broadway
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Eugene Division)

| | |
|---|---|
| **NICOLETTE PAGE**, an individual,<br><br>Plaintiff,<br>v.<br><br>**WALGREEN CO. dba WALGREENS**, a foreign corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>Unlawful Discrimination in Violation of ORS 659A.403 and Negligent Supervision<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Nicolette Page alleges the following:

### **JURISDICTION**

1.

This Court has diversity jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332.  There is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.

Page 1 – **COMPLAINT**

## VENUE

2.

Venue is proper in the District of Oregon, Eugene Division, because the events giving rise to the claims occurred in Marion County in the State of Oregon. 28 U.S.C. § l391(b).

## PARTIES

3.

Plaintiff Nicolette Page is an individual and resident of Keizer, Oregon. Ms. Page is a 34-year-old woman of African-American and Pacific Islander descent.

4.

Defendant Walgreen Co., dba Walgreens ("Walgreens") is an Illinois corporation with its primary place of business in Deerfield Illinois. Walgreens owns and operates numerous retail stores throughout Oregon, including a store at 5000 River Road North, Keizer OR 97303 (the "Keizer Walgreens"). At all times material, Keizer acted by and through its employees and agents, who were acting in Defendant's interests and in the course and scope of their employment.

## FACTS

5.

On or about October 23, 2023, Plaintiff Nicolette Page was shopping at the Keizer Walgreens. Ms. Page was accompanied by her daughter and a family friend's daughter.

6.

During their shopping visit, Ms. Page used Defendant's bathroom, accompanied by her daughter and the family friend's daughter.

7.

Unbeknownst to Ms. Page, the family friend's daughter had stolen a pregnancy test kit from the store.

8.

The next day, on or about October 24, 2023, Ms. Page returned to the Keizer Walgreens to purchase some diapers.  Shortly after entering the store, Ms. Page was approached by the Keizer Walgreens night manager, who startled Ms. Page by coming within inches of her and aggressively telling her "I'm going to have to ask you to leave."

9.

Ms. Page was shocked and confused and asked the night manager, "What!?  Why!?"

10.

The night manager told Ms. Page, "We have you on camera stealing from the store" and reiterated his demand that she leave.

11.

Ms. Page couldn't believe what she was hearing and stated, "What!?  What did I steal!?"

12.

The night manager accused Ms. Page of stealing a pregnancy test kit, and again stated

that "We have you on video."

13.

Ms. Page told the night manager that she wanted to speak with a manager. The night manager tapped on his chest and said, "I am the manager."

14.

Ms. Page said, "No, I want to speak with someone above you." She told the night manager that she was not going to leave until she did. The night manager then dismissed her request, stating that the store's general manager wouldn't be there for "a day or two."

15.

The night manager then reiterated his demand that Ms. Page leave the store and threatened her with physical force, stating in an elevated voice "You are not going to be getting anything here. You need to leave now or I will help you to leave."

16.

Not wanting to further escalate the situation, and fearing for her physical safety, Ms. Page left the store.

17.

The following day, on October 25, 2023, Ms. Page called and asked to speak with the store's general manager. She was put through to a voicemail where she left a message explaining the entire situation and stating in no uncertain terms that she had not stolen anything and that she had been humiliated by being falsely accused of theft and forced to leave the store.

18.

Shortly after, on October 26, 2023, the Keizer Walgreens general manager returned Ms. Page's call. She apologized for the incident and explained that she had reviewed the video recording and that it was clear that Ms. Page had not stolen anything, but that her family friend's daughter had.

19.

As noted above, Ms. Page is a 34-year-old woman of African American and Pacific Islander background. She is 5'3" tall and weighs approximately 180 lbs., with long, very curly brown hair. Her family friend's daughter is a petite 16-year-old Caucasian girl who stands 4'10" and weighs approximately 110 lbs., with red hair and correspondingly fair complexion.

20.

Ms. Page explained to the general manager how humiliating the entire experience had been and how she couldn't believe that the night manager could have falsely accused her of theft.

21.

Defendant's general manager apologized again, stating that this "is not how our employees are trained" and explaining that the night manager "needed more training." Defendant's general manager told Ms. Page "I hope you will come in again," and stated that she would call Ms. Page back.

22.

Defendant's general manager hasn't called Ms. Page since.

23.

This experience has been intensely humiliating and distressing to Ms. Page.  During the initial interaction with Defendant's night manager, she feared for her physical safety.  She was humiliated and embarrassed at being falsely accused of theft in a public location where the incident was observed by numerous individuals.  Ms. Page regularly helps to promote the family's food cart in the neighborhood.  Customers of the food cart have approached her and asked, "Aren't you the lady that was kicked out of Walgreens?"  Even complete strangers have commented to her about the incident, apologizing for her being treated in such a manner.  While appreciative of the sentiment, Ms. Page is nonetheless embarrassed and humiliated by the attention.

**CLAIMS FOR RELIEF**
**First Claim for Relief**
**(Discrimination on Account of Race in Violation of ORS 659A.403)**

24.

Plaintiff Nicolette Page realleges the allegations set forth above, and in addition alleges the following.

25.

Defendant Walgreens is a place of public accommodation as defined in ORS 659A.400.

26.

As set forth above, Defendant discriminated against Ms. Page in its provision of goods and services by falsely accusing her of theft on account of her race and excluding her from the

store on that basis.

27.

Defendant's discrimination has caused Ms. Page significant fear, humiliation and embarrassment resulting in noneconomic damages in an amount to be specifically proven at trial, not to exceed $1.5 million.

28.

Ms. Page intends to amend her Complaint at a later stage in these proceedings to add a claim for punitive damages.

29.

Ms. Page is entitled to recover her reasonable attorney fees under ORS 659A.885(8)(d).

**Second Claim for Relief**
**(Negligent Supervision)**

30.

Plaintiff Nicolette Page realleges the allegations set forth above, and in addition alleges the following.

31.

Defendant negligently failed to train and supervise its night manager in identifying and handling suspected shoplifters.

32.

As a result of that negligence, Defendant's night manager falsely accused Ms. Page of theft on account of her race and excluded her from Defendant's store on that basis.

33.

Ms. Page had an independent legal right to be free from discrimination and false allegations of theft.

34.

Defendant's negligence has caused Ms. Page significant fear, humiliation and embarrassment resulting in noneconomic damages in an amount to be specifically proven at trial, not to exceed $1.5 million.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nicolette Page prays for relief as follows:

1. For judgment in her favor;

2. For an award of compensatory damages as found by the jury, not to exceed $1.5 million;

3. For her reasonable attorney fees;

4. For her reasonable costs incurred herein; and

5. For such other relief as the Court deems just and proper.

DATED this 3rd day of January, 2024.

**HAGLUND KELLEY LLP**

*s/ Christopher Lundberg*
Christopher Lundberg, OSB No. 941084
Matthew E. Malmsheimer, OSB 033847
Attorneys for Plaintiff