IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**NICOLETTE PAGE**, an individual,

          Plaintiff,

    v.

**WALGREEN CO. dba WALGREENS**, a
foreign corporation,

          Defendant.

_____

No. 6:24-cv-00016-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

Because Plaintiff fabricated her claims and suborned perjury from other individuals to pursue this action, the Court dismissed this action with prejudice and ordered Plaintiff individually liable for all fees and costs Defendant incurred in defending this made-up action.[1] *See* June 2, 2026, Op. & Order, ECF No. 65. Defendant moves for $77,766 in fees and $6,743 in costs. Motion for Fees, ECF No. 71, and costs, ECF No. 72.

Although Plaintiff failed to respond to Defendant's motion, the Court independently examined the reasonableness of the fees sought. The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably

---

[1] This Opinion addresses only Plaintiff Nicolette Page's individual obligation to pay Defendant's fees and costs. Defendant and Plaintiff's former counsel reached a settlement of the amount of fees and costs owed by former counsel. Again, this order does not apply in any way to former counsel.

1 – OPINION AND ORDER

expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Accordingly, this District uses the Oregon State Bar 2022 Economic Survey as the initial benchmark when reviewing fee petitions.[2]

The hours spent, and the hourly rates sought, are clearly reasonable. The Court is somewhat surprised that Defendant only incurred 292 hours of billable hours first defending this case and then exposing Plaintiff's fraudulent scheme. The Court concludes that Defendant's attorneys staffed the matter efficiently, using an associate and paralegal when appropriate to reduce the total amount of fees.

Defendant's Motion for Fees, ECF No. 71, and costs, ECF No. 72, are GRANTED. Defendant is awarded $77,766 in fees and $6,743 in costs payable by Plaintiff Nicolette Page individually.

IT IS SO ORDERED.

DATED this 13th day of August 2026.

_____/s/ Michael McShane_____
**Michael J. McShane**
**United States District Judge**

---

[2] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

2 – OPINION AND ORDER